UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GUSTAVIA HOME, LLC,

               Plaintiff,

      -against-

IRINA KRUPNIKOVA and THE BOARD OF
MANAGERS OF OCEANA CONDOMINIUM NO. TWO,

               Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**16-CV-2104 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

This is a residential mortgage foreclosure action brought by Plaintiff Gustavia Home, LLC, against Defendants Irina Krupnikova and the Board of Managers of Oceana Condominium No. Two (the "Board").[1] (Compl. (Dkt. 1).) Plaintiff has moved for summary judgment against Krupnikova, the only defendant to have answered in this action. (Mot. (Dkt. 33).) For the following reasons, Plaintiff's motion is GRANTED.

**I. BACKGROUND**

    **A. Facts**

The following facts are uncontested unless otherwise stated. On August 3, 2007, Krupnikova executed a note (the "Note") and mortgage (the "Mortgage"), in the principal amount of $280,000 plus interest to National City Bank, regarding the property known as 120 Oceana Drive, Apt. 51, Brooklyn, New York 11235 (the "Subject Property"). (Pl. Local Rule 56.1 Statement ("Pl. 56.1") (Dkt. 33-1) ¶ 4; Aff. of Jared Dotoli ("Dotoli Aff.") (Dkt. 33-2) ¶ 3.) The Note provides that the holder of the Mortgage can "require [Krupnikova] to pay the entire outstanding balance in one payment if [she] breaches a material obligation in that . . . [she does]

---

[1] The Board is a defendant "by way of having filed a lien or judgment against the premises." (Compl. ¶ 4.)

not meet the repayment terms of the agreement." (Dotoli Aff. ¶ 7.) The Mortgage further provides that upon the occurrence of a default, the "Lender may accelerate the Secured Debt and foreclose the Security Instrument in a manner provided by law if Mortgager is in default." (Id. ¶ 8.) Krupnikova breached her obligation under the Note, and thereby caused a default under the Mortgage, by failing to pay the regular monthly payment that came due on November 1, 2008, and all subsequent payments. (Dotoli Aff. ¶ 6.) On August 12, 2010, the Note and Mortgage were assigned to Summit Real Estate Partners, L.P. (Dotoli Aff. ¶ 4.) On October 15, 2015, the Note and Mortgage were assigned to NPL Capital, LLC. (Id.) On December 8, 2015, the Note and Mortgage were assigned to Plaintiff, a single-member limited liability company organized under Florida law (id.; Pl. 56.1 ¶ 1); this assignment was recorded on April 28, 2016 (Dotoli Aff. ¶ 4).

On or about December 31, 2015, SN Servicing Corporation, an agent of Plaintiff, mailed Krupnikova two notices (the "Default Notices") advising that, if she failed to cure her default within 90 days or to dispute it within 30 days, Plaintiff could declare the outstanding principal balance under the Note immediately due and foreclose the property.[2] (Id. ¶¶ 9-10; Pl. 56.1 ¶¶ 5-6; Default Notices (Compl. Ex. E) (Dkt. 1-1 at ECF p.28-38).) Because no authorized recipient was available at Krupnikova's address, the United States Postal Service ("USPS") left notices of attempted delivery on January 4, 2016. (USPS Tracking Results #1 (Dkt. 34-2); USPS Tracking Results #2 (Dkt. 34-3); see Krupnikova Mem. in Opp'n to Pl. Mot. ("Krupnikova Opp'n") (Dkt. 34-1) at 2, 5 (indicating that the USPS tracking results that are attached to Krupnikova's brief

---

[2] Plaintiff contends that it was only required to send the 30-day Default Notice, not the 90-day Default Notice, because Krupnikova does not reside at the Subject Property; nevertheless, it sent both notices. (Dotoli Aff. ¶¶ 9-10.) See Gustavia Home, LLC v. Rice, No. 16-CV-2353 (BMC), 2016 WL 6683473, at *2 n.1 (E.D.N.Y. Nov. 14, 2016), aff'd 724 F. App'x 87 (2d Cir. 2018) (summary order) (stating that § 1304 of the New York Real Property Actions and Proceedings Law does not require lenders to send a 90-day notice of default where the mortgaged property is not the defendant's primary residence).

2

relate to attempted USPS deliveries of the Default Notices).) Krupnikova failed to cure her default. (Pl. 56.1 ¶ 7; Dotoli Aff. ¶ 11.) As of December 31, 2015, Plaintiff owed $279,826.20, plus late charges, legal fees, and sums that Plaintiff may have advanced for taxes, insurance, and maintenance of the Subject Property. (Dotoli Aff. ¶ 12.)

**B. Procedural History**

Plaintiff commenced this action by filing a complaint against Krupnikova, the Board, and 12 John Doe Defendants[3] on April 28, 2016, seeking to foreclose on the Mortgage.[4] (Compl. ¶ 1.) Plaintiff attached to its complaint copies of the Mortgage (Mortgage (Compl. Ex. B) (Dkt. 1-1 at ECF p.5-11)); Note (Note (Compl. Ex. C) (Dkt. 1-1 at ECF p.14-18); allonges affixed to the Note indicating its transfer to Plaintiff (Allonges (Compl. Ex. C) (Dkt. 1-1 at ECF p.19-21); the series of assignments that resulted in Plaintiff acquiring the Note and Mortgage (Assignments (Compl. Ex. D) (Dkt. 1-1 at ECF p.23-26); and the Default Notices (Default Notices at ECF p.28-38).

On July 25, 2016, the Clerk of Court certified that Krupnikova and the Board had defaulted by not filing an answer or otherwise moving with respect to the complaint. (Certificate of Default (Dkt. 12).) Krupnikova appeared for the first time on August 11, 2016. (Krupnikova Notice of Appearance (Dkt. 14).) After receiving an extension of time to answer from the court

---

[3] The John Doe Defendants are persons "holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property." (Compl. ¶ 5.)

[4] The court's jurisdiction over this case is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Florida and Defendants are citizens of New York, and because the amount in controversy exceeds $75,000.00. (Compl. ¶¶ 2-3, 7; Dotoli Aff. ¶¶ 16-19.) In Krupnikova's answer to the complaint, she appears to argue that the court lacks subject-matter jurisdiction over this case, but she has not alleged or proven any specific facts to support such an argument. (Answer (Dkt. 18) ¶ 23.) Accordingly, the court concludes that it has jurisdiction over this action based on Plaintiff's representations as to the domiciles of the parties and the amount in controversy. (See Dotoli Aff. ¶¶ 16-19.) See Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 553 (2014) ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." (citations omitted)); Gustavia Home, LLC, 2016 WL 6683473, at *2 (summarily rejecting Defendant's cursory argument that diversity of citizenship did not exist).

(Aug. 11, 2016, ECF Order Granting Extension of Time to Answer), she answered on September 6, 2016, asserting 21 affirmative defenses. (Answer (Dkt. 18).)

Plaintiff now moves for summary judgment against Krupnikova (Mot.), characterizing this case as a "straightforward foreclosure action involving a defaulted loan secured by a mortgage on real property." (Pl. Mem. in Support of Mot. (Dkt. 33-8) at 1.) Krupnikova opposes the motion. (Krupnikova Opp'n to Pl. Mot.) Along with her opposition brief, she submitted documents (the "USPS Tracking Results") showing that, on January 4, 2016, USPS tried to deliver the Default Notices to her at the Subject Property and then left notices of attempted delivery because an authorized recipient was not available. (USPS Tracking Results #1; USPS Tracking Results #2; see Krupnikova Opp'n at 2, 5.) She also submitted her own short affidavit, which disputes some of Plaintiff's legal assertions but contains no specific facts to support the affirmative defenses she raised in her answer (Krupnikova Aff. (Dkt. 34-4)), and an even shorter Rule 56.1 statement which repeats without further detail some of the conclusory statements from her answer and affidavit (Krupnikova Local Rule 56.1 Statement ("Krupnikova 56.1") (Dkt 34).)

## II. LEGAL STANDARD

### A. Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'material' fact is one capable of influencing the case's outcome under governing substantive law, and a 'genuine' dispute is one as to which the evidence would permit a reasonable juror to find for the party opposing the motion." Figueroa v. Mazza, 825 F.3d 89, 98 (2d Cir. 2016) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "The movant may discharge this burden by showing that the nonmoving party has 'fail[ed] to make a

4

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co., 255 F. Supp. 3d 443, 451 (S.D.N.Y. 2015) (alteration in original) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "'The mere existence of a scintilla of evidence' in support of the non-movant will be insufficient to defeat a summary judgment motion." Transflo Terminal Servs., Inc. v. Brooklyn Res. Recovery, Inc., 248 F. Supp. 3d 397, 399 (E.D.N.Y. 2017) (quoting Anderson, 477 U.S. at 252).

"In determining whether an issue is genuine, '[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion.'" SCW W. LLC v. Westport Ins. Corp., 856 F. Supp. 2d 514, 521 (E.D.N.Y. 2012) (quoting Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995)). "[T]he judge's function is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Redd v. N.Y. Div. of Parole, 678 F.3d 166, 173-74 (2d Cir. 2012) (quoting Anderson, 477 U.S. at 249). However, "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," and "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks and citation omitted).

B. Mortgage Foreclosure Actions

"In a mortgage foreclosure action under New York law, 'the lender must prove the existence of an obligation secured by a mortgage, and a default on that obligation.'" Gustavia Home, LLC v. Rice, No. 16-CV-2353 (BMC), 2016 WL 6683473, at *2 (E.D.N.Y. Nov. 14, 2016) (quoting R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 n.2 (2d Cir. 1997)

(alteration adopted)), aff'd 724 F. App'x 87 (2d Cir. 2018) (summary order). "Applying this standard, courts in this [c]ircuit have found that 'summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the [c]ourt along with proof that the [m]ortgagor has failed to make payments due under the Note.'" Id. (quoting Builders Bank v. Charm Developments II, LLC, No. 09-CV-3935 (JG), 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010). "Once the plaintiff has made an affirmative showing of the defendant's default, the defendant must make 'an affirmative showing' that a defense to the action exists." Id. (quoting Builders Bank, 2010 WL 3463142, at *3).

## III. DISCUSSION

### A. Plaintiff's Affirmative Showing of Default

Plaintiff has established a prima facie case for summary judgment by submitting copies of the Note and Mortgage, both of which were executed by Krupnikova (Note; Mortgage); evidence that the Note and Mortgage were assigned to Plaintiff (Allonges; Assignments); evidence that Krupnikova defaulted on its obligation (Dotoli Aff. ¶ 6); evidence that Plaintiff delivered the required cure notice (id. ¶ 9-10; Pl. 56.1 ¶ 5-6; Default Notices); and evidence of Krupnikova's failure to cure (Pl. 56.1 ¶ 7; Dotoli Aff. ¶ 11). See Gustavia Home, LLC, 2016 WL 6683473, at *2 (holding that a plaintiff had established a prima facie case for summary judgment by submitting the same type of documentation); E. Sav. Bank, FSB v. Ferro, No. 13-CV-5882 (SJF), 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015) (same).

### B. Whether a Defense to the Action Exists

Krupnikova makes two arguments in her brief opposing Plaintiff's summary judgment motion. First, she contends that Plaintiff does not have standing to bring this action because Plaintiff has not identified itself as the owner and holder of the Note and Mortgage at the time

6

this case was filed (April 28, 2016).[5] (Krupnikova Opp'n at 3.) Krupnikova is mistaken. "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" E. Sav. Bank, FSB v. Thompson, 631 Fed. App'x 13, 15 (2d Cir. 2015) (summary order) (quoting Wells Fargo Bank v. Rooney, N.Y.S.3d 543, 544 (2d Dep't 2015)). Plaintiff has done this by submitting copies of the series of assignments that resulted in Plaintiff acquiring the Note on December 8, 2015 (Assignments) and an affidavit attesting that it had physical possession of the Note at the time that it filed its complaint (Dotoli Aff. ¶¶ 4-5). The copies of the assignments and the Dotoli affidavit are each sufficient to confer standing upon Plaintiff. See Thompson, 631 Fed. App'x at 15 (stating that "either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient" for a plaintiff to have standing (alteration adopted) (quoting U.S. Bank v. Collymore, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)).

Second, Krupnikova maintains that Plaintiff "never served her" with the required default notices.[6] (Krupnikova Opp'n at 5.) She cites the USPS Tracking Results to support this position. (Id.) These documents conflict with her argument, however, because they suggest that Plaintiff did in fact comply with its service obligations under New York State law. Section 1304 of the New York Real Property Actions and Proceedings Law ("RPAPL") requires Plaintiff to give Krupnikova notice of the debt owed and the amounts due to cure the default at least ninety days before commencing legal action. See RPAPL § 1304(1); see also Wells Fargo Bank, N.A.

---

[5] Krupnikova also makes this point in her Rule 56.1 statement, incorrectly referring to it as an undisputed material fact upon which there is no genuine issue to be tried. (Krupnikova 56.1 ¶ 2.)

[6] Krupnikova makes this point in her 56.1 statement as well, mistakenly referring to it as an undisputed material fact upon which there is no genuine issue to be tried. (Krupnikova 56.1 ¶ 1.)

7

v. Ullah, No. 13-CV-485 (JPO), 2015 WL 3735230, at *8-9 (S.D.N.Y. June 15, 2015). New York law further required this notice to be sent by registered or certified mail, and by first-class mail, to Krupnikova's last known address and, if different, to the Subject Property. See id. § 1304(2); see also Wells Fargo Bank, 2015 WL 3735230, at *8-9. Plaintiff has submitted an affidavit and proof of mailing indicating that it sent the Default Notices to Krupnikova at the Subject Property (which is also her last known address) on December 31, 2015. (Dotoli Aff. ¶¶ 9, 27-28; Default Notices at ECF p.31, 37-38.) This evidence, which Krupnikova failed to rebut with specific facts and corroborated with the USPS Tracking Results, is sufficient to show that Plaintiff satisfied RPAPL § 1304's service requirements. See Wells Fargo Bank, 2015 WL 3735230, at *9; see also ATM One, LLC v. Landaverde, 812 N.E.2d 298, 301 (N.Y. 2004) (holding that service is deemed complete upon mailing, an affidavit of service will raise a presumption that proper mailing occurred, and mere denial of receipt is not enough to deny this presumption).

Krupnikova also alleges, in a short affidavit she submitted with her opposition brief, that she "was not properly served with the summons and [complaint]." (Krupnikova Aff. ¶ 3.) This allegation is not supported by any specific facts and is contradicted by an affidavit from a process server, Mohamed Soliman, in which he affirms that he served the summons and complaint to Krupnikova personally and sent copies by first-class mail. (Aff. of Service by Mohamed Soliman (Dkt. 9) at 1-2.) Krupnikova's conclusory denial of service, without specific facts rebutting Soliman's affidavit, is insufficient to create a genuine dispute as to whether Plaintiff properly served the summons and complaint. See, e.g., Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57-58 (2d Cir. 2002); Arthur F. Williams, Inc. v. Helbig,

208 F.R.D. 41, 44 n.8 (E.D.N.Y. 2002) (citing Remington Invs. v. Seiden, 658 N.Y.S.2d 696, 697 (N.Y. App. Div. 1997)).

In her answer to Plaintiff's complaint, Krupnikova raises 21 affirmative defenses. Each is conclusory; none have merit. Her first and eighth defenses are that Plaintiff did not have standing to bring this suit. (Answer ¶¶ 3-5, 14-15.) As discussed above, this argument fails.

Krupnikova's second and eleventh defenses are that Plaintiff's complaint failed to state a cause of action (Answer ¶¶ 6, 20). This is false because Plaintiff alleged in her complaint (and has since proven) the existence of an obligation secured by a mortgage and a default on that obligation (Compl. ¶¶ 9-24), and these allegations were sufficient to state a cause of action for mortgage foreclosure under New York law. See Gustavia Home, 2016 WL 6683473, at *2.

Krupnikova's fifth defense is that Plaintiff failed to comply with its notice requirements (Answer ¶ 9). This defense fails because, as discussed above, Plaintiff has proved that it did in fact comply with the notice requirements.

Krupnikova's ninth defense is that Plaintiff failed to attach proof of its loan ownership to the summons and complaint (Answer ¶¶ 16-17). This is plainly incorrect. (See Allonges; Assignments.)

Krupnikova's thirteenth defense is that this case violates § 3211(a)(2) of the New York Civil Practice Law and Rules ("CPLR"), which allows a party to move for judgment on the ground that the court lacks subject-matter jurisdiction over the case (Answer ¶ 23). This defense is also unavailing because Krupnikova has not alleged or proven any facts to rebut Plaintiff's representation that the court has jurisdiction based upon diversity of citizenship (pursuant to 28 U.S.C. § 1332) as Plaintiff is a citizen of Florida, Defendants are citizens of New York, and the amount in controversy exceeds $75,000. (Compl. ¶¶ 2-3, 7; Dotoli Aff. ¶¶ 16-19.)

Krupnikova's fifteenth defense is that the assignment of the Note and Mortgage to Plaintiff lacks the proper oath and affirmation pursuant to §§ 2309(b) and 2309(c) of the New York Civil Practice Law and Rules (Answer ¶ 25). This is false (see Assignments at ECF p.26).

Krupnikova's sixteenth defense is that Plaintiff "fails to disclose a clear chain of title." (Answer ¶¶ 26-27.) This is erroneous, as Plaintiff did that by submitting the Allonges (Allonges) and Assignments (Assignments), and by detailing the chain of title to the Note and Mortgage in the complaint (Compl. ¶¶ 11-13).

Krupnikova's nineteenth[7] defense is that Plaintiff failed to properly serve the summons and complaint. (Answer ¶¶ 32-34). This argument fails because, as discussed above, Krupnikova failed to rebut Soliman's affidavit of service.

Krupnikova's twenty-first[8] defense is that Plaintiff did not provide an affidavit by one of its officers affirming that Plaintiff owns the Note and Mortgage. (Answer ¶¶ 36-37.) This is wrong because Plaintiff did submit such an affidavit (see Dotoli Aff. ¶¶ 3-5).

Finally, Krupnikova's remaining affirmative defenses are unavailing because they are conclusory assertions for which she has not presented any evidence. (Answer ¶¶ 7-8, 11-12, 16-19, 21-22, 24, 28-31, 35.) See Ferro, 2015 WL 778345, at *6 (holding that affirmative defenses lacking any supporting evidence cannot preclude summary judgment); E. Sav. Bank, FSB v. Rabito, No. 11-CV-2501 (KAM), 2012 WL 3544755 (E.D.N.Y. Aug. 16, 2012), at *3, *5, *7 (same); Frankel v. ICD Holdings S.A., 930 F. Supp. 54, 65 (S.D.N.Y. 1996) (same).

---

[7] Krupnikova's answer mistakenly refers to this as her eighteenth, not nineteenth defense (Answer ¶ 32-34); this error was caused by her counting two separate defenses as her seventeenth defense (see Answer ¶¶ 28-31).

[8] Krupnikova's answer mistakenly refers to this as her twentieth, not twenty-first defense (Answer ¶¶ 36-37).

## IV. CONCLUSION

Plaintiff's motion for summary judgment (Dkt. 33) is GRANTED. Plaintiff is DIRECTED to file a detailed calculation of the amount alleged to be owed by Krupnikova and a proposed judgment within 14 days of the entry of this order. Krupnikova may dispute Plaintiff's calculation and submit a proposed counter-judgment within 14 days of Plaintiff's submission. Additionally, Plaintiff is DIRECTED, within 14 days of the entry of this order, either to file a motion for default judgment against the Board or to file a notice of dismissal of its claims thereto. The Clerk of Court is respectfully DIRECTED to terminate the John Doe Defendants from the docket as reflected in the caption above.

SO ORDERED.

Dated: Brooklyn, New York
December 5, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge