D/F

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 03 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GUSTAVIA HOME, LLC,

             Plaintiff,

-against-

THE BOARD OF MANAGERS OF OCEANA
CONDOMINIUM NO. TWO

             Defendants.
-------------------------------------------------------------X

ORDER

16-CV-2104 (NGG) (RER)

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Gustavia Home, LLC brings this diversity action against Defendant The Board of Managers of Oceana Condominium No. Two (the "Board") to foreclose upon a residential mortgage pursuant to New York Real Property and Proceedings Law, Section 1301 et seq. (Compl. (Dkt. 1).) Upon Plaintiff's application and in light of the Board's failure to appear in or otherwise defend this action, the Clerk of Court entered the Board's default on July 25, 2016. (Entry of Default (Dkt. 12).) Currently pending before the court is Plaintiff's motion for default judgment. (Pl. Mot. for Default J. ("Mot.") (Dkt. 37).) The undersigned referred Plaintiff's motion to Magistrate Judge Ramon E. Reyes, who issued a report and recommendation ("R&R") that the court grant the motion. (R&R (Dkt. 39) at 1.)

      This case arises out of a $280,000 loan taken out by Irina Krupnikova, secured by a residential mortgage on her residence, located at 120 Oceana Drive West, Apt. 51, Brooklyn, New York (the "Property"). (Compl. ¶¶ 3, 9; see also Credit Line Mortgage (the "Mortgage") (Dkt. 1-1 at ECF pp. 4-11); Equity Reserve Agreement (the "Note") (Dkt. 1-1 at ECF pp. 12-21).) Through a series of assignments, Plaintiff acquired both the Note and the Mortgage. (Compl. ¶¶ 11-13; Note at ECF pp. 19-21.) The Board holds an undisclosed lien or judgment on

1

the Property that is subordinate to the Mortgage. (Id. ¶¶ 4, 6.) On December 5, 2018, the court granted Plaintiff's motion for summary judgment against Krupnikova (who was named as a defendant in this action) after determining that there was no genuine dispute of material fact as to whether she had defaulted under the Note. (See Mem & Order (Dkt. 36) at 6-10.) Accordingly, Plaintiff now moves for a judgment of foreclosure and sale. (See Mot. at ECF p. 6.)

Judge Reyes applied New York law and found that Plaintiff had successfully established the Board's status as a junior interest-holder and, accordingly, a necessary party to this proceeding. (R&R at 2.) Judge Reyes further found that Plaintiff's submission of the Mortgage (Dkt. 1-1 at ECF pp. 4-11) and the Note (Id. at ECF pp. 12-21), coupled with this court's finding that Krupnikova had defaulted, established Plaintiff's entitlement to a judgment of foreclosure and sale as a matter of law. (R&R at 2-3.) Judge Reyes recommended that the court appoint Plaintiff's designee, Susan E. Rizos, Esq., as referee to conduct the contemplated sale of the Property. (Id. at 3.)

In order to calculate damages, Judge Reyes examined the Mortgage, the Note, and the affidavit of Jared Dotoli (Dkt. 37-2). He then recommended that Plaintiff be awarded $379,902.10 together with pre-judgment interest at a rate of $26.83 per diem from December 18, 2018 until the date on which judgment is entered, against which he recommended the proceeds from the sale of the Property be applied. (R&R at 3-4.) Judge Reyes denied as premature Plaintiff's request to have the referee's fees and other ancillary costs of the sale applied against the sale proceeds, but recommended that Plaintiff be granted leave to file a detailed application setting forth the costs actually incurred to sell the Property after the Property has been sold. (Id. at 4.)

No party has objected to Judge Reyes's R&R, and the time in which to do so has passed. See Fed. R. of Civ. P. 72(b)(2). (See also R&R at 5.) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

The court finds no clear error, but declines to appoint Susan E. Rizos, Esq. as referee at this time. Accordingly, the court ADOPTS the R&R as modified, and GRANTS Plaintiff's motion for default judgment.

Plaintiff is awarded $379,902.10 together with pre-judgment interest at a rate of $26.83 per diem from December 18, 2018 until the date on which judgment is entered, against which the proceeds of the sale of the property shall be applied. Following the sale of the Property, Plaintiff may apply to have the referee's fees and other ancillary costs applied against the sale proceeds.

Plaintiff is DIRECTED to file under seal Ms. Rizos's resume, as well as the resumes of at least two additional candidates to serve as referee in connection with the contemplated sale of the Property. Plaintiff is further DIRECTED to file a Proposed Judgment and Order of Foreclosure and Sale consistent with this order.

SO ORDERED.

s/Nicholas Garaufis

Dated: Brooklyn, New York
September 3, 2019

NICHOLAS G. GARAUFIS
United States District Judge